UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN E. LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-01052-TWP-TAB |
| | ) |
| STANLEY KNIGHT Warden, | ) |
| RAYMOND KINISON, | ) |
| I.D.O.C., | ) |
| JASON SERVIZZI IYC Head Maintenance, | ) |
| MYERS Lt., | ) |
| REBECCA J. TRIVETT Nurse Practitioner, | ) |
| WEXFORD MEDICAL COMPANY, | ) |
| MARK LEWIS Practitioner, D.D.S., | ) |
| | ) |
| Defendants. | ) |

**Order Screening Amended Complaint,
Dismissing Deficient Claims,
and Directing Issuance and Service of Process**

**I. Introduction**

Plaintiff Ryan E. Lee is a prison inmate in the custody of the Indiana Department of Correction (IDOC). After his arrival at the Plainfield Correctional Facility he tripped on a sidewalk and injured his face and teeth. Mr. Lee filed this 42 U.S.C. § 1983 action against defendants asserting a variety of claims but focusing on the conditions of the sidewalks and prison officials' liability for not repairing the sidewalks. On screening pursuant to 28 U.S.C. § 1915A, the complaint was dismissed for failure to state a claim upon which relief can be granted. Dkt. 6. Mr. Lee was allowed time to show cause why this action should not be dismissed or to file an amended complaint that cured the deficiencies identified in the screening order. *Id.* Mr. Lee has filed an amended complaint which is now subject the screening under § 1915A. Dkt. 8. Mr. Lee is not proceeding *in forma pauperis*. He had paid the filing fee. Dkt. 5.

## II. Screening Standard

Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## III. The Amended Complaint and Analysis

Mr. Lee's amended complaint again names each defendant identified in the original complaint. He shifts the focus of the amended complaint to a deliberate indifference to his serious medical needs against defendant Nurse Practitioner Rebecca J. Trivett for not addressing the serious injury to his mouth and teeth, not referring him to a physician, not ordering x-rays, and delaying treatment. Dkt. 8, ¶¶ 4-6. This Eighth Amendment claim **shall proceed**. All other claims and defendants are **dismissed**.

Any claim against the IDOC is **dismissed** for lack of jurisdiction. "The Eleventh Amendment grants states immunity from private suits in federal court without their consent." *Nuñez v. Indiana Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). "An agency of the state enjoys this same immunity." *Id.* Because the IDOC is a state agency, any claims against it are barred by the Eleventh Amendment.

No viable federal constitutional claims are made against defendants Stanley Knight, Raymond Kinison, Jason Servizzi, Lt. Meyers, Wexford Medical Company, and Mark Lewis. Assertions concerning the conditions of the sidewalks fail to state a claim upon which relief can be granted for the reasons explained in the June 11, 2019, screening order. Dkt. 6. All claims against these defendants are **dismissed**.

Any claims against Stanley Knight, Raymond Kinison, Jason Servizzi, and Lt. Meyers are **dismissed** because there are no allegations of misconduct that state a federal civil rights claim made against them. *See Burks v. Raemisch*, 555 F.3d 592, 593-96 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell*'s rule [is] that public employees are responsible for their own misdeeds but not for anyone else's.") (citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978)).

The amended complaint is silent as to defendants Mark Lewis and Wexford Medical Company except to place them in the caption. Any claims against them are **dismissed**. Where a complaint "'alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption,'" the complaint is properly dismissed. *Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994) (quoting *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)).

The **clerk is directed** to terminate the IDOC, Stanley Knight, Raymond Kinison, Jason Servizzi, Lt. Meyers, Wexford Medical Company, and Mark Lewis from the docket.

The claim against Nurse Practitioner Rebecca J. Trivett is the only viable federal constitutional claim the Court has identified in the amended complaint. Should Mr. Lee believe

3

the Court has overlooked a claim or defendant, he shall have through **August 2, 2019**, to file a motion to reconsider.

### IV. Issuance and Service of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendant Nurse Practitioner Rebecca J. Trivett in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. 8, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is also directed** to send attorney Douglass Bitner a courtesy copy of this Order at the address shown in the distribution list below.

**IT IS SO ORDERED**.

Date: 7/8/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ryan E. Lee
106136
Plainfield Correctional Facility
Electronic Service Participant – Court Only

Nurse Practitioner Rebecca J. Trivett
Medical Provider
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168

Courtesy Copy to:
  Douglass R. Bitner
  Katz Korin Cunningham PC
  334 N. Senate Avenue
  Indianapolis, IN  46204