UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RYAN E. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01052-TWP-TAB |
| | ) | |
| REBECCA J. TRIVETT, Nurse Practitioner. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on a Motion for Summary Judgment filed by Defendant, Rebecca J. Trivett ("Ms. Trivett") (Dkt. 32). Plaintiff Ryan E. Lee ("Mr. Lee"), an Indiana prisoner incarcerated at the Plainfield Correctional Facility ("Plainfield"), filed this action alleging that Ms. Trivett, a Nurse Practitioner at the prison, was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Ms. Trivett argues that Mr. Lee's claims are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), which requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in federal court. In response, Mr. Lee argues that he did not go through offender orientation at the time of his alleged injury, that he never received a copy of the Indiana Department of Correction Offender Grievance Procedure ("the grievance procedure"), and that his limited understanding of the grievance procedure was pieced together from what he was told by other inmates. For the reasons explained below, Ms. Trivett's motion for summary judgment, dkt. [32], is **denied** and further proceedings will be directed.

# I. BACKGROUND

*A. Undisputed Material Facts*

The grievance process has three steps. First, the prisoner must file a formal grievance within ten business days of the incident after informal attempts to resolve the grievance have failed. Dkt. 34-2 at 9-11. Second, the prisoner must file a grievance appeal within five business days of receiving the grievance response. *Id* at 11-12. Third, the prisoner must file a final appeal within five business days of receiving the appeal response. *Id.* at 12-13.

Mr. Lee was transported to Plainfield on January 24, 2019. Dkt. 36 at 2. He suffered an injury on the day of his arrival and was allegedly denied necessary medical treatment by Ms. Trivett. *Id.*; dkt. 8 at 2-3.

Mr. Lee did not comply with the grievance process in relation to his lack of medical care. Dkt. 34-1 at 5-6; dkt. 36 at 3-4. Although he attempted to informally resolve the grievance by submitting a Request for Health Care form, dkt. 36-1 at 5, he did not file a formal grievance. Dkt. 34-1 at 5-6; dkt. 36 at 3-4.; dkt. 36-1 at 2.

*B. Disputed Material Facts*

The parties dispute whether Mr. Lee was provided with a copy of the grievance process or was told how to complete the grievance process upon his arrival at the Plainfield.

Ms. Trivett relies on the affidavit of Grievance Specialist Jeremey Jones. Dkt. 34-1. Mr. Jones claims that "[u]pon an offender's entry into the IDOC, and when transferred to a receiving facility during incarceration, each offender is advised of the Offender Grievance Process—Policy and Administrative Procedure Number 00-02-301, and provided with a copy of the policy or instructed on how to access a copy of the policy." *Id.*, para. 4. Mr. Jones' affidavit describes a general policy but does not indicate whether the policy was followed in this case.

Mr. Lee relies on his own sworn statements and on the affidavit of Lowell B. Smith, a fellow inmate at Plainfield. Dkt. 38-1 at 12-13. Mr. Smith agrees that inmates are normally given a copy of the grievance during orientation, but he disputes that inmates go through orientation on their first day at the facility. Dkt. 38-1 at 12.

Mr. Lee claims that he did not go through orientation until he had been at the facility for almost a full week. Dkt. 38-1, para. 5. He further claims that he did not receive a copy of the grievance process at orientation because no copies were available that day. *Id.* Although he was told that his dorm rep would provide him with a copy of the grievance process, no copy was ever provided. *Id.* His limited understanding of the grievance process was pieced together from what he was told by other inmates. *Id.*, para. 8.

Ms. Trivett has not designated evidence in response to Mr. Lee's claims that he did not go through orientation on his first day at the facility and that he did not receive a copy of the grievance process.

## II. DISCUSSION

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.*, 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the

PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, the burden of proof is on Ms. Trivett. *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, Ms. Trivett bears the burden of demonstrating that Mr. Lee failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

"If administrative remedies are not 'available' to an inmate, then an inmate cannot be required to exhaust." *Kaba*, 458 F.3d at 684; *see also King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015) ("Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about."). Administrative remedies are primarily "unavailable" to prisoners where "affirmative misconduct" prevents prisoners from pursuing

4

administrative remedies. *Dole*, 438 F.3d at 809 (remedies unavailable where prison officials "do not respond to a properly filed grievance"); *see also Thomas v. Reese*, 787 F.3d 845, 847–48 (7th Cir.2015) (remedies unavailable where correctional officer tells prisoner that prisoner cannot file grievance when in fact prisoner can do so); *Kaba*, 458 F.3d at 680, 686 (remedies unavailable where prisoner presents evidence that prison personnel have "denied [prisoner] grievance forms, threatened him, and solicited other inmates to attack him in retaliation for filing grievances"); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir.2004) (remedies unavailable where prison personnel prevent prisoner access to grievance forms).

But "unavailability" extends beyond "affirmative misconduct" to omissions by prison personnel, particularly failing to inform the prisoner of the grievance process. *See King*, 781 F.3d at 895–96 (remedies unavailable where prisoner transferred between two correctional facilities had no access to grievance process and where later allotted time for filing grievance was impracticable); *White v. Bukowski*, 800 F.3d 392, 397 (7th Cir.2015) (remedies unavailable where prisoner was "[u]ninformed about any deadline for filing a grievance"). It is not incumbent on the prisoner "to divine the availability" of grievance procedures. *King*, 781 F.3d at 896. Rather, prison officials must inform the prisoner about the grievance process. *See id.*; *Kaba* 458 F.3d at 684. The prison cannot shroud the prisoner in a veil of ignorance and then hide behind a failure to exhaust defense to avoid liability. *See King*, 781 F.3d at 893 ("Prison authorities cannot immunize themselves from suit by establishing procedures that in practice are not available." (citation omitted)); *see also Ross v. Blake*, 136 S. Ct. 1850 (2016).

Although Mr. Lee did not complete the grievance process, there is evidence that he was never given a copy of the grievance process or told how to complete the grievance process. Construing the evidence in favor of the plaintiff, the Court finds that the grievance process was

5

not "available" to Mr. Lee under the PLRA. Ms. Trivett has failed to prove that she is entitled to summary judgment on this affirmative defense, and the motion for summary judgment, dkt. [32], is **denied**.

### III. Summary and Direction of Further Proceedings

Ms. Trivett's motion for summary judgment, dkt. [32], is **denied**. The record before the Court shows that Mr. Lee is entitled to summary judgment on Ms. Trivett's affirmative defense. Pursuant to Rule 56(f)(1), the Court gives Ms. Trivett notice of its intent to grant summary judgment in the plaintiff's favor on this issue. Ms. Trivett has until **April 24, 2020**, to respond to the Court's proposal. Alternatively, Ms. Trivett may withdraw the affirmative defense by this date. Ms. Trivett is reminded that by failing to designate additional evidence in her reply, she has forfeited the ability to present additional evidence at a *Pavey* hearing. *See* dkt. 30 at 2.

**IT IS SO ORDERED**.

Date: 3/24/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RYAN E. LEE
106136
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Angela Marie Rinehart
KATZ KORIN CUNNINGHAM, P.C.
arinehart@kkclegal.com