UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RYAN E. LEE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:19-cv-01052-TWP-TAB |
| REBECCA J. TRIVETT | ) ) ) | |
| Defendant. | ) | |

**Order Denying Defendant's Motion to Reconsider**

On March 24, 2020, the Court denied defendant Rebecca Trivett's motion for summary judgment on the issue of exhaustion. Dkt. 53. The Court reasoned that the plaintiff presented evidence, which Ms. Trivett failed to rebut, that he was never given a copy of the grievance process and that summary judgment should be granted in his favor. *Id.* The Court then provided Ms. Trivett through April 24, 2020, to either request a *Pavey* hearing or notify the Court that she has abandoned her exhaustion defense. *Id.*

On April 1, 2020, Ms. Trivett filed a response to the summary judgment order, which the Court construes as a motion to reconsider, arguing that her motion for summary judgment should have been granted for the following reasons: (1) the plaintiff attended inmate orientation during his first week at the Plainfield Correctional Facility ("Plainfield"); (2) the plaintiff demonstrated familiarity with the grievance process in his response to the motion for summary judgment; and (3) the plaintiff could have obtained a copy of the grievance process from the law library before he filed this lawsuit. Dkt. 54. Ms. Trivett has also attempted to designate new evidence in support of her motion, dkt. 54-1, which she was previously told she may not do. *See* dkt. 30 at 2; dkt. 53 at 6.

## I. Standard of Review

Motions to reconsider a summary judgment ruling are brought under Federal Rule of Civil Procedure 54(b), which permits revision of non-final orders. *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). "[M]otions to reconsider an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Woods v. Resnick*, 725 F.Supp.2d 809, 827 (W.D.Wis. 2010). The Seventh Circuit has summarized the role of motions to reconsider as follows:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted). In other words, "Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present *newly* discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (emphasis added). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1269–70.

## II. Factual Background

The undisputed evidence shows that Plainfield has a policy of providing new inmates with a copy of the grievance process upon their arrival. Dkt. 34-1 at para. 6. Alternatively, the inmates

are instructed on how to obtain a copy of the grievance process. *Id.*[1] But the plaintiff was not provided with a copy of the grievance process upon his arrival; instead, he was instructed that his dorm rep would provide him with a copy of the grievance process. Dkt. 38-1 at para. 5. Despite this instruction, the plaintiff did not receive a copy of the grievance process from his dorm rep or from anyone else before he filed this lawsuit. *Id.*

### III. Discussion

The fact that the plaintiff went through orientation during his first week at Plainfield fails to establish that the grievance process was "available" to him. Although he was told that a grievance process was in place, there is no evidence that he was given a copy of the grievance process or told how to navigate the grievance process' strict deadlines and procedures.

The plaintiff's familiarity with the grievance process in his response to Ms. Trivett's motion for summary judgment is irrelevant. The issue is whether the grievance process was available to him before he filed this lawsuit. The fact that he became familiar with the grievance process during litigation, after Ms. Trivett designated a copy of the grievance process as evidence, *see* dkt 34-2, does not support her argument that the grievance process was available.

Assuming *arguendo* that the plaintiff had been told at inmate orientation that he could obtain a copy of the grievance process from the law library, it is not clear that he could have timely filed a formal grievance. Ms. Trivett frames the issue as whether the plaintiff could have obtained a copy of the grievance process at any point before he filed his complaint, but the relevant inquiry

---

[1] Information about this policy comes from the affidavit of Grievance Specialist Jeremy Jones. Although Mr. Jones provides information about the orientation policy generally, there is no evidence that he was present during the plaintiff's orientation. He therefore lacks personal knowledge about what occurred at the plaintiff's orientation and whether or to what extent this policy was followed. *See* Fed. R. of Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

3

is whether he could have obtained the grievance process with enough time to reasonably meet the deadline for filing a formal grievance. A grievance process is not available to an inmate when the facility's officials make it impractical to comply with specific deadlines and procedures for filing a formal grievance. *King v. McCarty*, 781 F.3d 889, 895-96 (7th Cir. 2015) (rejecting defendants' argument that jail officials would have processed a belated formal grievance in the same manner as a timely formal grievance).

The Court notes that the grievance process requires inmates to file a formal grievance within ten business days of the incident. Dkt. 34-2 at pp. 9-13; dkt. 38-1 at para. 5. Because the plaintiff did not go through inmate orientation until nearly a week after the incident, this would have left him with a brief window to request a law library pass, visit the law library, read the grievance process, attempt to informally resolve the incident, obtain a formal grievance form, complete the formal grievance form, and submit the formal grievance form. The Court is not convinced that a reasonable inmate could complete these steps within the remaining period of time allowed under the grievance process. Accordingly, Ms. Trivett's motion to reconsider, dkt. [54], is **denied**

### IV. Summary and Further Proceedings

Ms. Trivett's motion to reconsider, dkt. [54] is **denied**. She has **through April 24, 2020**, to request a *Pavey* hearing. Alternatively, she may notify the Court that she wishes to withdraw her affirmative defense.

**IT IS SO ORDERED**.

Date: 4/6/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RYAN E. LEE
106136
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Angela Marie Rinehart
KATZ  KORIN CUNNINGHAM, P.C.
arinehart@kkclegal.com