UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN E. LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-01052-TWP-TAB |
| ) | |
| REBECCA J. TRIVETT, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on a Motion to Alter or Amend Judgment (Dkt. 94), filed by Plaintiff Ryan E. Lee ("Mr. Lee"). Mr. Lee, an inmate at Plainfield Correctional Facility, brought this lawsuit alleging that Defendant Rebecca J. Trivett ("Nurse Trivett") was deliberately indifferent to his serious medical. The Court granted summary judgment for Nurse Trivett because there was no evidence that she was personally involved in Mr. Lee's medical care. Mr. Lee asks the Court to substitute a different prison official, Shera Horton ("Nurse Horton"), as the defendant in this action. He also argues that he might have prevailed in this action if the Court had granted his motion for assistance recruiting counsel. Because Mr. Lee has not identified new evidence or shown that the judgment rests on a manifest error of law or fact, his Motion to Alter or Amend Judgment is **denied**.

**I.   LEGAL STANDARD**

Mr. Lee brings this motion under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) "authorizes relief when a moving party clearly establish[es] either a manifest error of law or fact or present[s] newly discovered evidence." *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.

2000).  Rule 59(e) provides for an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

The purpose of Rule 59(e) is to allow a party to bring to the district court's attention a manifest error of fact or law so that it may correct, or at least address, the error in the first instance. *A&C Construction & Installation, Co. WLL v. Zurich American Insurance Company*, 963 F.3d 705, 709 (7th Cir. 2020).  A Rule 59(e) motion "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.*

## II.  BACKGROUND

### A.  Mr. Lee's Pleadings

Mr. Lee brought this action alleging that prison officials were deliberately indifferent to his serious medical need after he injured himself on the sidewalk at his facility.  (Dkt. 1.)  The Court dismissed the original complaint for failure to state a claim and instructed him to file an amended complaint to avoid dismissal of the action.  (Dkt. 6.)

Mr. Lee filed an Amended Complaint, (Dkt. 8), and the Court allowed his Eighth Amendment medical claim to proceed against Nurse Trivett in her individual capacity.  (Dkt 9.)  All other claims and defendants were dismissed.  *Id.*

Mr. Lee did not name Nurse Horton as a defendant in his original Complaint or in his Amended Complaint.  (*See* Dkts. 1, 8.)  He could have sought leave to file a second amended complaint, which would have provided another opportunity to name Nurse Horton as a defendant, but he chose not to do so.  (*See* Dkt. 59 at 3.)

**B.     Mr. Lee's Requests for Counsel**

Mr. Lee filed multiple motions for assistance recruiting counsel. (Dkts. 14, 22, 52, 57, 71.) The Court followed the Seventh Circuit's two-prong approach for analyzing *pro se* counsel motions, considering both Mr. Lee's attempts to obtain counsel and his competency to represent himself, and denied these motions. (Dkts. 15, 23, 61 (citing *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018)); *see also* Dkt. 78 (Order denying motion to reconsider counsel motions).) The Court acknowledged that Mr. Lee has a traumatic brain injury but reasoned that he did not demonstrate a need for counsel exceeding that of the typical *pro se* litigant. (Dkt. 61 at 3.)

**C.     Motion for Summary Judgment**

Nurse Trivett filed a Motion for Summary Judgment on the merits of Mr. Lee's claims. (Dkt. 81.) In her "Statement of Undisputed Material Facts," she stated:

> Nurse Trivett did not see [Mr. Lee] in person related to this injury whatsoever. She did, however, put in an order for him to receive a bottom bunk pass . . . [Mr. Lee] received care and treatment related to his injuries … from other nurses and providers, but not [N]urse Trivett. When asked [in a deposition] why he chose to name [N]urse Trivett in his lawsuit, [he] pointed to the order for a bottom bunk pass, which had her name on it.

(Dkt. 82 at 4 (internal citations removed).   )

Mr. Lee filed a Response and a Surreply to the summary judgment pleadings, but did not contest any of the asserted material facts from Nurse Trivett's brief. (*See* Dkts. 86, 88.) Accordingly, the Court accepted Nurse Trivett's asserted facts as true, so long as they were supported by evidence in the record. (Dkt. 92 at 3) (citing S.D. Ind. Local Rule 56-1(b), (e), (f); *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009)). The statement quoted above regarding Nurse Trivett's lack of personal involvement in Mr. Lee's medical care was supported by Nurse Trivett's affidavit, Mr. Lee's medical records, and Mr. Lee's deposition. (*See* Dkt. 83-1, ¶¶ 8-9; Dkt. 83-2 at 11-12; *see generally* Dkt. 83-3.)

In granting Nurse Trivett's Motion for Summary Judgment, the Court reasoned that "individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation." *Id.* (cleaned up) (citing *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017)). Accordingly, Mr. Lee needed to prove "[a] causal connection, or affirmative link" between his injury and Nurse Trivett's misconduct. *Id.* (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). In this case, where there was no evidence that Nurse Trivett was responsible for Mr. Lee's medical care, the Court held that "[t]he lack of a causal connection between [Nurse Trivett's] conduct and Mr. Lee's alleged constitutional deprivations defeats his claim against her." (Dkt. 92 at 7.)

Mr. Lee argued in his Response and Surreply that his deposition testimony should be stricken and that as a *pro se* litigant, he had been disadvantaged. (Dkt. 92 at 5 (citing Dkts. 86, 88).) The Court denied the request to strike the deposition, reasoning that Mr. Lee's Response and Surreply, as well as the designated evidence, showed that he was competent to represent himself. *Id.*

**D.   Motion to Alter or Amend Judgment**

Mr. Lee has filed a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e). He does not argue that the Court erred by granting Nurse Trivett's Motion for summary judgment. Instead, he argues that the Court erroneously dismissed a "cognizable [claim] under § 1983 . . . against the true defendant Shera Horton, R.N." in the Order screening the Amended Complaint. (Dkt. 94 at 2.) (Emphases omitted.) He states that the Court has discretion under Rule 25 to substitute Nurse Horton for Nurse Trivett as a defendant. *Id.* at 3. He also argues that he should have received appointed counsel due to his traumatic brain injury and that recruited counsel may have been able to conduct more fruitful discovery on his behalf. *Id.* at 4.

4

In response, Nurse Trivett argues that the Motion should be denied because it does not identify "newly discovered evidence or manifest error of law or fact. Instead, [Mr. Lee] simply rehashes the same argument considered by the court in its [summary judgment] order … and improperly requests to substitute a new party for Defendant Trivett." (Dkt. 95, ¶ 5 (internal citations omitted).)

### III. DISCUSSION

Mr. Lee has not presented newly-discovered evidence or shown that the Court's entry of final judgment resulted from a manifest error of law or fact. Instead, he makes a belated request to add Nurse Horton as a defendant and rehashes his previous arguments requesting counsel.

The original Complaint in this case was filed in March 2019. The Order Granting Summary Judgment and entry of Final Judgment were docketed on May 19, 2021 (Dkts. 92 and 93). Defendant contends that she served Initial Disclosures to Mr. Lee on November 5, 2019, which included his Indiana Department of Corrections Medical Records and identified the nurses present. *See* Dkt. 26. Defendant points out that the under the Court's Scheduling Order parties had until November 26, 2019, to Amend Pleadings (Dkt. 19), and Mr. Lee fails to explain why he waited almost two years to request to amend his Complaint. (Dkt. 95 at 3).

At this stage of the proceedings, the request to add Shera Horton as a defendant is too late. As the plaintiff, Mr. Lee was in charge of his case and had the ability to name his defendants. He did not name Nurse Horton in the original Complaint or the Amended Complaint. (*See* Dkts. 1, 8.) He was given an opportunity to seek leave to file a second amended complaint, which would have provided another opportunity to name Nurse Horton as a defendant, but he chose not to do so. A Rule 59(e) motion is not an opportunity to file amended pleadings that could have and should have been filed earlier in the proceedings.

Mr. Lee's reliance on Rule 25, which permits the substitution of named parties upon death, incompetency, a transfer of interest, or a separation from public office, is misplaced. He is not seeking to substitute a named defendant for one who is no longer available, such as a defendant who has died or a public official who has retired. Instead, he is seeking to add a new defendant to a case that has already been decided. Rule 25 provides no such remedy.

Finally, Mr. Lee's speculation that an attorney would have discovered more fruitful evidence is without merit. The Court previously ruled that Mr. Lee was competent to represent himself. The Court applied the Seventh Circuit's two-prong analysis for counsel motions and considered his pre-existing traumatic braining injury. A Rule 59(e) motion is not a chance to rehash arguments, such as Mr. Lee's requests for counsel, that have already been rejected.

### IV. CONCLUSION

For the reasons stated above, Mr. Lee's Motion to Alter or Amend Judgment, Dkt. [94], is **DENIED**.

**SO ORDERED**.

Date: 8/11/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ryan E. Lee, #106136
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Erika Lauren Steuerwald
KATZ  KORIN CUNNINGHAM, P.C.
esteuerwald@kkclegal.com

6